UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TRINET USA, INC.

        Plaintiff,

v.                           Case No. 8:20-cv-2018-VMC-AAS

VENSURE EMPLOYER SERVICES,
INC.,

        Defendant.

_____/

**ORDER**

This matter comes before the Court sua sponte. For the reasons set forth below, the amended complaint (Doc. # 26) is dismissed as a shotgun pleading. Accordingly, Defendant Vensure Employer Services, Inc.'s Motion to Dismiss (Doc. # 38) is denied without prejudice.

I.    **Background**

This case arose out of Vensure's alleged poaching of Plaintiff TriNet USA, Inc.'s employees. (Doc. # 26 at ¶¶ 1-2). This suit was originally filed against TriNet's former employee and Vensure's current employee, Kane Pigliavento, on August 28, 2020. (Doc. # 1). On December 18, 2020, TriNet amended its complaint to include Vensure as a defendant. (Doc. # 26). TriNet and Pigliavento later settled, contingent upon the Court's entry of a permanent injunction and final judgment

1

against Pigliavento. (Doc. # 48). On January 29, 2021, the Court entered judgment in favor of TriNet and against Pigliavento, with the case remaining open only as to the claims against Vensure. (Doc. # 49).

The amended complaint includes the following claims against Vensure: violations of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") (Count III), tortious interference with contract (Count VI), tortious interference with business relationships (Count VII), and unfair competition (Count VIII). (Doc. # 26). On January 13, 2021, Vensure moved to dismiss the amended complaint. (Doc. # 38). TriNet responded on January 26, 2021. (Doc. # 46). The Motion is now ripe for review.

## II.  Discussion

Although Vensure has not raised this argument in its Motion, the Court has an independent obligation to dismiss a shotgun pleading. "If, in the face of a shotgun complaint, the defendant does not move the district court to require a more definite statement, the court, in the exercise of its inherent power, must intervene sua sponte and order a repleader." McWhorter v. Miller, Einhouse, Rymer & Boyd, Inc., No. 6:08-cv-1978-GAP-KRS, 2009 WL 92846, at *2 (M.D. Fla. Jan. 14, 2009) (emphasis omitted).

The Eleventh Circuit has "identified four rough types or categories of shotgun pleadings": (1) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts"; (2) a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) a complaint that does "not separat[e] into a different count each cause of action or claim for relief"; and (4) a complaint that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1322-23 (11th Cir. 2015). "The unifying characteristic of all types of shotgun pleadings is that they fail to . . . give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Id. at 1323.

Here, the amended complaint is a shotgun pleading because it falls within the first category identified in Weiland. The claims against Vensure – Counts III, VI, VII, and VII – roll all preceding allegations into every count. (Doc. # 26 at ¶¶ 126, 156, 167, 177). For example, Paragraph 126 of Count III states: "The allegations in Paragraphs 1

3

through 125 are incorporated by reference as if stated fully herein." (Id. at ¶ 126). This incorporates all of the facts in the body of the complaint, as well as the allegations in Count I and II, which were filed only against Pigliavento. (Id. at ¶¶ 98-116). This is impermissible. See Weiland, 792 F.3d at 1322 (identifying "a complaint containing multiple counts where each count adopts the allegations of all preceding counts" as a shotgun complaint).

"Because the [amended complaint] is a shotgun complaint, repleader is necessary and the Court need not delve into the merits of the claims at this juncture." Madak v. Nocco, No. 8:18-cv-2665-VMC-AEP, 2018 WL 6472337, at *3 (M.D. Fla. Dec. 10, 2018). Therefore, Vensure's Motion to Dismiss is denied without prejudice, and the Court sua sponte dismisses the amended complaint as a shotgun pleading. See Shaffer v. Bank of N.Y. Mellon & Shellpoint LLC, No. 8:17-cv-565-VMC-AAS, 2017 WL 1653789, at *1 (M.D. Fla. May 2, 2017) ("As the Court has determined that repleader is necessary, the Court declines to address Defendants' argument that all counts fail to state claims upon which relief can be granted.").

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant Vensure Employer Services, Inc.'s Motion to

4

Dismiss (Doc. # 38) is **DENIED** without prejudice.

(2)    The amended complaint (Doc. # 26) is sua sponte **DISMISSED** as a shotgun pleading.

(3)    Plaintiff TriNet USA, Inc., may file a second amended complaint that is not a shotgun pleading by **April 1, 2021**. Failure to file a second amended complaint by that date will result in dismissal of this action without further notice.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 18th day of March, 2021.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE