UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| TRINET USA, INC. <br><br> Plaintiff, <br><br> vs. <br><br> VENSURE EMPLOYER SERVICES, INC. <br><br> Defendants. | CASE NO. 8:20-cv-02018 |

### TRINET USA, INC'S MOTION TO STRIKE VENSURE EMPLOYER SERVICES, INC.'S MOTION TO COMPEL FOR VIOLATING LOCAL RULE 3.01(G)

This Court has scheduled a June 18, 2021 hearing to address four motions to compel that Plaintiff TriNet USA, Inc. ("TriNet") has been forced to file against Defendant Vensure Employer Services, Inc. ("Vensure") and four of its employees who have violated this Court's Order denying Vensure's Motion to Stay by refusing to participate in discovery until the Court rules on Vensure's latest dismissal motion. Hoping to distract the Court during the June 18 hearing, Vensure has rushed to file a Motion to Compel Identification of Confidential Information and Better Responses to Defendant's Discovery Requests (the "Motion to Compel"). *See* Dkt. 80. But, in its rush to contrive a dispute before the June 18 hearing, Vensure violated Local Rule 3.01(g)'s conferral requirement. Under established precedent, Vensure's Motion to

1

Compel should be stricken. *See, e.g, De Jesus v. Scottsdale Ins. Co.*, 2019 U.S. Dist. LEXIS 231276, at *7 (M.D. Fla. Oct. 1, 2019) (denying motion for failing to comply with Local Rule 3.01(g); *Larson v. Correct Craft, Inc.*, 2006 U.S. Dist. LEXIS 78028, at *9 (M.D. Fla. Oct. 25, 2006) (same).

The facts relevant to this Motion are as follows:

(1) On April 1, 2021, Vensure served on TriNet its first interrogatories and requests for production. TriNet timely responded on May 3, 2021.

(2) On May 7, 2021, Vensure's counsel requested a call to confer on TriNet's discovery responses. *See* Exhibit 1.

(3) The parties ultimately agreed to, and participated in, a conferral call on May 13, 2021. During that conferral call, TriNet's counsel explained, in detail, why there is no dispute regarding the interrogatories and why some of Vensure's document requests were overly broad and needed to be narrowed. **At the end of the call, Vensure's counsel represented and agreed that she would not move forward with a motion to compel, but rather would speak with her client and, if issues still remained, the parties would participate in a follow up conferral call.** *See* Exhibit 2 (Declaration of Steven Rosenwasser).

(5) The next week, Vensure's counsel emailed TriNet's counsel requesting a call "to follow up on our discussion from Thursday." *See* Exhibit 3.

2

(6) That same day, TriNet's counsel responded: "I'm so sorry, but this week is a complete wash for me because I'm traveling to Boston on a work matter and will be there working all week. To ensure we have the call as soon as I'm available, I will make myself available at your convenience on Monday morning. Just let me know what time is convenient for you. Separately, per the Court's Order of today, we need to select a day time for the Rule 16 conference and hearing. Are you available May 26 or 27th? We would prefer the 27th if that works for you." *Id*.

(7) Vensure's counsel, hoping to delay a hearing on TriNet's motions to compel as long as possible, stated that Vensure would not be available for a hearing until June 18, 2021, specifically stating that "[w]e aren't available either [May] 26th or 27th." *Id*. In that same email, Vensure's counsel offered two separate dates to confer – one day to confer on TriNet's four pending motions to compel and a second date to confer on TriNet's discovery responses. *Id*.

(8) The very next day, TriNet's counsel replied: "In terms of a conferral, I propose we confer on all issues at the same time for efficiency (and, in any event, I just had an emergency issue arise that will take up my Monday). Given you are out May 26-27, what about June 4 at 10am?" *Id*.

(9) Vensure agreed to confer on TriNet's pending motions on June 4, but requested that the parties confer on TriNet's responses on May 26. *Id*. In other

3

words, **after representing that it was unavailable on May 26 for a hearing on TriNet's pending motions to compel, Vensure's counsel was somehow available to confer on TriNet's discovery responses;** *i.e.*, **Vensure was available only to discuss the issues it wanted to discuss and not available to discuss TriNet's issues with this Court**. *Id.*

(10) TriNet promptly responded: "Once you said you were unavailable the remainder of this week for the hearing, I filled up my schedule. So, given Memorial Day on Monday, let's just discuss all the issues at once on June 4. I will circulate a calendar invite." *Id.* On May 27, TriNet's counsel circulated a calendar invitation for a June 4 conferral call, which Vensure's counsel accepted. *See* Exhibit 2.

(11) Apparently wanting more attorneys to participate in the June 4, conferral call, on June 2, Vensure circulated a new calendar invitation entitled "Vensure / TriNet – Conference of Counsel re: pending discovery issues," which TriNet accepted. The parties are still scheduled to confer on June 4. *See* Exhibit 2.

(12) On June 2, 2021, two days before the parties scheduled conferral (that was confirmed that very day), without any prior notice, and in violation of Vensure's counsel's representation and agreement not to file a motion to compel until the parties conferred again, Vensure filed its Motion to Compel. Vensure rushed to file its motion for one transparent reason – Vensure wants

to have a motion on file before the June 18 hearing, no matter how contrived or premature, to try and distract the Court from its discovery misconduct. Indeed, Vensure could (and should) have waited until after the parties conferred in just two days to see whether a discovery dispute exists.

As reflected by the facts above, far from satisfying its conferral requirements under Local Rule 3.01(g), Vensure rushed to file its Motion to Compel while the parties were in the middle of conferring – indeed, two days before a scheduled conferral call – simply because it wanted to have something on file before the June 18 hearing. This Court should not condone Vensure's violation of this Court's conferral requirements, particularly given this Court's Order from just two weeks ago clearly reminding Vensure that "the parties are to comply with the Middle District of Florida Local Rules, including Local Rule 3.01(g) requiring meet and confers before filing most motions." Dkt. 77 at 1.

The proper remedy for Vensure's violation of Local Rule 3.01(g) is to strike Vensure's motion and to order it to show cause why it should not be sanctioned. *See, e.g., Id.* (noting that the Court can deny a motion for failing to comply with Local Rule 3.01(g); *Leveille v. Upchurch*, 2021 U.S. Dist. LEXIS 74603, at *7 n.2 (M.D. Fla. Apr. 19, 2021) ("failure to comply with the mandates of Local Rule 3.01(g) will likely result in an immediate denial of the sought relief for failure to follow the Local Rules of this Court and issuance of a show cause order."); *Michaux v. Liberty Mut.*

*Fire Ins. Co.*, 2021 U.S. Dist. LEXIS 98391, at *1 n.1 (M.D. Fla. Apr. 26, 2021) ("The court denied Liberty Mutual's initial motion to exclude (Doc. 27) because it did not comply with the conferral requirements of Local Rule 3.01(g)."). TriNet respectfully requests that relief here.

Date: June 3, 2021.

**/s/ Catherine H. Molloy**
Catherine H. Molloy
Florida Bar No. 33500
Email: molloyk@gtlaw.com
**GREENBERG TRAURIG, LLP**
101 E. Kennedy Boulevard
Suite 1900
Tampa, Florida 33602
Telephone:  (813) 318-5700
Facsimile:  (813) 318-5900

**/s/ Steven J. Rosenwasser**
Steven J. Rosenwasser
(*pro hac vice*)
rosenwassers@gtlaw.com
**GREENBERG TRAURIG, LLP**
Terminus 200
3333 Piedmont Road NE
Suite 2500
Atlanta, GA 30305
Telephone: (678) 553-2100
Facsimile: (678) 553-2212

*Attorneys for TriNet USA, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 3, 2021, I electronically filed the foregoing **TRINET USA, INC'S MOTION TO STRIKE VENSURE EMPLOYER SERVICES, INC.'S MOTION TO COMPEL FOR VIOLATING LOCAL RULE 3.01(G)**, through the Court's CM/ECF system which will automatically send email notification of such filing to all attorneys of record.

                                            By:    /s/ Steven J. Rosenwasser
                                                        Steven J. Rosenwasser
                                                        (*pro hac vice*)
                                                        rosenwassers@gtlaw.com
                                                        **GREENBERG TRAURIG, LLP**
                                                        Terminus 200
                                                        3333 Piedmont Road NE
                                                        Suite 2500
                                                        Atlanta, GA 30305
                                                        Telephone: (678) 553-2100
                                                        Facsimile: (678) 553-2212

                                                        *Attorney for TriNet USA, Inc.*

ACTIVE 57946032v1